CA 07 285 S

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AGFAPHOTO USA CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>NORMAN DUROCHER AND DEEDRA DUROCHER,<br><br>Defendants. | : | C.A. No. 2007- |

**THE PARTIES**

1. Plaintiff AgfaPhoto USA Corporation ("AgfaPhoto") is a Delaware corporation with a principal place of business at 202 Old Ridgefield Road, Suite 4, Wilton, Connecticut.

2. Defendant Norman Durocher is an individual who, upon information and belief, resides at 15 Elm Street, Wakefield, Rhode Island.

3. Defendant Deedra Durocher is an individual who, upon information and belief, resides at 15 Elm Street, Wakefield, Rhode Island.

4. Upon information and belief, Norman Durocher and Deedra Durocher were principals in Kingstown Camera, Inc. ("Kingstown"), a Rhode Island corporation with a principal place business at 566 Kingstown Road, Wakefield, Rhode Island.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because the defendants reside in this judicial district.

## FACTUAL BACKGROUND

7. On or about May 20, 2002, Kingstown entered into a lease agreement with Agfa Corporation ("Agfa"), through written Lease Agreement No. 9043 prepared by Agfa Finance Group ("AFG") on behalf of Agfa (hereinafter "Lease No. 9043"). A true copy of Lease No. 9043 is attached hereto as Exhibit A.

8. As set forth in Lease No. 9043, the agreement between Kingstown and Agfa was for a term of sixty (60) months and was based on the value of the equipment described therein and the freight cost and sales tax associated therewith, for a total amount financed by Kingstown of $21,893.00.

9. Lease No. 9043 obligates Kingstown to pay the financed amount to Agfa in equal monthly installments of $491.72.

10. To secure payment of Kingstown's obligations to Agfa under Lease No. 9043, defendants Norman Durocher and Deedra Durocher, for good and valuable consideration, executed and delivered to Agfa a Personal Guaranty of payment dated April 22, 2002 (the "First Guaranty"). A true copy of the First Guaranty is attached here to as Exhibit B.

11. The First Guaranty provides, in part, that:

> [T]he undersigned hereby unconditionally guaranties...to Agfa the prompt payment, in full, of all indebtedness, now or which may hereafter become due and owing from Customer to Agfa, plus interest at the rate of eighteen percent (18%) per annum, not to exceed the maximum allowed by law...all without deduction for setoff, counterclaim or contribution.

12. The First Guaranty further provides that it "shall apply and inure to the benefit of Agfa and any of its affiliated companies or assigns..."

13. Subsequent to the execution of Lease No. 9043 by Kingstown and the First Guaranty by defendants, the equipment specified in that lease agreement was installed at Kingstown's place of business.

14. On or about February 28, 2003, Kingstown entered into a second lease agreement with Agfa, through written Lease Agreement No. 9253 prepared by AFG on behalf of Agfa (hereinafter "Lease No. 9253"). A true copy of Lease No. 9253 is attached hereto as Exhibit C.

15. As set forth in Lease No. 9253, the agreement between Kingstown and Agfa was for a term of sixty-three (63) months and was based on the value of the equipment described therein and the sales tax associated therewith, for a total amount financed by Kingstown of $186,324.68.

16. In accordance with an amendment executed simultaneously with Lease No. 9253 (the "Amendment"), Kingstown agreed to pay the financed amount to Agfa as follows: three (3) monthly payments of $1,179.44, three (3) monthly payments of $2,394.27, and fifty-seven (57) monthly payments of $3,573.71. A true copy of the Amendment is attached hereto as Exhibit D.

17. To secure payment of Kingstown's obligations to Agfa under Lease No. 9253 and the Amendment, defendants Norman Durocher and Deedra Durocher, for good and valuable consideration, executed and delivered to Agfa a Personal Guaranty of payment dated March 3, 2003 (the "Second Guaranty"). A true copy of the Second Guaranty is attached here to as Exhibit E.

18. The Second Guaranty provides, in part, that:

> [T]he undersigned hereby unconditionally guaranties...to Agfa the prompt payment, in full, of all indebtedness, now or which may hereafter become due and owing from Customer to Agfa, plus interest at the rate of eighteen percent (18%) per annum, not to exceed the maximum allowed by law...all without deduction for setoff, counterclaim or contribution.

19. The Second Guaranty further provides that it "shall apply and inure to the benefit of Agfa and any of its affiliated companies or assigns..."

20. Subsequent to the execution of Lease No. 9253 by Kingstown and the Second Guaranty by defendants, the equipment specified in that lease agreement was installed at Kingstown's place of business.

21. On or about April 8, 2004, Kingstown entered into a third lease agreement with Agfa, through written Lease Agreement No. 9679 prepared by AFG on behalf of Agfa (hereinafter "Lease No. 9679"). A true copy of Lease No. 9679 is attached hereto as Exhibit F.

22. As set forth in Lease No. 9679, the agreement between Kingstown and Agfa was for a term of sixty-three (63) months and was based on the value of the equipment described therein and the sales tax associated therewith, for a total amount financed by Kingstown of $139,152.50.

23. Lease No. 9679 obligates Kingstown to pay the financed amount to Agfa in equal monthly installments of $2,631.37.

24. To secure payment of Kingstown's obligations to Agfa under Lease No. 9679, defendants Norman Durocher and Deedra Durocher, for good and valuable consideration, executed and delivered to Agfa a Personal Guaranty of payment dated

April 8, 2004 (the "Third Guaranty"). A true copy of the Third Guaranty is attached here to as Exhibit G.

25. The Third Guaranty provides, in part, that:

> [T]he undersigned hereby unconditionally guaranties...to Agfa the prompt payment, in full, of all indebtedness, now or which may hereafter become due and owing from Customer to Agfa, plus interest at the rate of eighteen percent (18%) per annum, not to exceed the maximum allowed by law...all without deduction for setoff, counterclaim or contribution.

26. The Third Guaranty further provides that it "shall apply and inure to the benefit of Agfa and any of its affiliated companies or assigns..."

27. Subsequent to the execution of Lease No. 9679 by Kingstown and the Third Guaranty by defendants, the equipment specified in that lease agreement was installed at Kingstown's place of business.

28. On or about November 1, 2004 Agfa sold Lease Nos. 9043, 9253, and 9679 to AgfaPhoto.

29. On or about April 21, 2005, Kingstown filed for receivership protection under Rhode Island law.

30. Kingstown's act of filing for receivership constitutes an event of default pursuant to Paragraph 16 of Lease Nos. 9043, 9253, and 9679, and entitles AgfaPhoto to accelerate payment of the entire principal balance due and owing under the lease agreements.

31. At the time of its filing for receivership, Kingstown owed AgfaPhoto the remaining sums of $13,766.16 on Lease No. 9043, $135,800.98 on Lease No. 9253, and $134,199.87 on Lease No. 9679, for a total amount due and owing of $283,769.01.

32. On July 7, 2005, AgfaPhoto, by and through its counsel, sent demand letters to Kingstown, Norman Durocher, and Deedra Durocher advising that litigation would be commenced if the outstanding sum of $283,769.01 was not tendered to AgfaPhoto.

33. Neither Kingstown, Norman Durocher, nor Deedra Durocher tendered payment to AgfaPhoto.

34. On or about August 15, 2005, AgfaPhoto filed a Proof of Claim with Kingstown's receiver. The amount of the claim was $157,269.01, which represents the total amount due and owing under Lease Nos. 9043, 9253 and 9679 less a credit of $126,500.00 for the value of the leased equipment, which was recovered by AgfaPhoto.

**COUNT I**
**(Breach of Contract – Norman Durocher)**

35. AgfaPhoto repeats and makes a part hereof the allegations contained in Paragraphs 1-32 as if set forth fully herein.

36. By virtue of the First, Second and Third Guaranties, defendant Norman Durocher guarantied the payment of the financial obligations owed by Kingstown to AgfaPhoto.

37. Upon failure of Kingstown to pay to AgfaPhoto the sums due in accordance with Lease Nos. 9043, 9253, and 9679, defendant Norman Durocher became obligated, by virtue of the First, Second, and Third Guaranties, to pay to AgfaPhoto the principal sum of $157,269.01, together with interest, attorneys' fees and costs.

**COUNT II**
**(Breach of Contract – Deedra Durocher)**

38. AgfaPhoto repeats and makes a part hereof the allegations contained in Paragraphs 1-35 as if set forth fully herein.

39. By virtue of the First, Second and Third Guaranties, defendant Deedra Durocher guarantied the payment of the financial obligations owed by Kingstown to AgfaPhoto.

40. Upon failure of Kingstown to pay to AgfaPhoto the sums due in accordance with Lease Nos. 9043, 9253, and 9679, defendant Deedra Durocher became obligated, by virtue of the First, Second, and Third Guaranties, to pay to AgfaPhoto the principal sum of $157,269.01, together with interest, attorneys' fees and costs.

**WHEREFORE**, plaintiff AgfaPhoto USA Corporation requests that this Court:

A. As to Count I, enter judgment against Norman Durocher in the amount of $157,269.01;

B. As to Count II, enter judgment against Deedra Durocher in the amount of $157,269.01;

C. Award AgfaPhoto all interest, costs and attorney's fees incurred in enforcing defendants obligations under the guarantees pursuant to the terms thereof and R.I. Gen. Laws §9-1-45; and

D. Grant AgfaPhoto all other relief the Court deems necessary and just.

Respectfully submitted,

Defendant,
AGFAPHOTO USA CORPORATION

By: ______________________________
Craig M. Scott, Esq. (#4237)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Phone
(401) 455-0701-Fax

Dated: July 30, 2007